# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

FILED

| | |
|---|---|
| UNITED STATES OF AMERICA <br><br> Plaintiff <br><br> v. <br><br> Raul HERNANDEZ ESCUTIA <br> AKA: Miguel Angel VELAZQUEZ | Magistrate Docket No. 07-2MJ2947 <br><br> COMPLAINT FOR <br> VIOLATION OF: <br> TITLE 8 U.S.C. § 1326 <br> Attempted Entry After Deportation <br><br> TITLE 18 U.S.C. § 1544 <br> Misuse of Passport |

The undersigned complainant, being duly sworn, states:

### Count 1

On or about December 19, 2007, within the Southern District of California, defendant Raul HERNANDEZ ESCUTIA, AKA Miguel Angel VELAZQUEZ, an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States; in violation of Title 8, United States Code, Section 1326.

### Count 2

On or about December 19, 2007, within the Southern District of California, defendant Raul HERNANDEZ ESCUTIA, AKA Miguel Angel VELAZQUEZ did knowingly and willfully use a passport issued or designed for the use of another, with the intent to gain admission into the United States in the following manner, to wit: Defendant applied for entry to the United States by presenting US passport number 423777760, issued to Miguel Angel VELAZQUEZ to a Department of Homeland Security, Customs and Border Protection Officer, knowing full well that he was not Miguel Angel VELAZQUEZ, that the passport was not issued or designed for his use, and that he is not a United States citizen entitled to a U.S. Passport. All in violation of Title 18, United States Code, Section 1544.

And the complainant further states that this complaint is based on the attached statement of facts, which is incorporated herein by reference.

Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service

SWORN AND SUBSCRIBED TO before me
This _____ day of _____, 2007.

_____ UNITED STATES MAGISTRATE JUDGE

**PROBABLE CAUSE STATEMENT & STATEMENT OF FACTS**

I, Richard Michael Escott, being duly sworn, declare under penalty of perjury that the following statement is true and correct:

1. I am a Senior Special Agent (SSA) with the U.S. Department of State, Diplomatic Security Service (DSS) assigned to the San Diego, CA Resident Office. I have been so employed for eight years and have investigated numerous violations involving the false application for and misuse of United States Passports and Visas.

2. During the performance of my duties, I have obtained evidence that Raul HERNANDEZ ESCUTIA, AKA Miguel Angel VELAZQUEZ used the passport issued for the use of another and attempted to reenter the United States after having been deported. This Affidavit is made in support of a complaint against DEFENDANT for violation of Title 18, U.S.C., Section 1544, Misuse of a passport and Title 8 U.S.C., Section 1326, Attempted Reentry After Deportation.

3. On 12/19/2007, at approximately 0755 hours, DEFENDANT presented himself to a Department of Homeland Security, Customs and Border Protection (CBP) Officer at the pedestrian lines of the San Ysidro Port of Entry, to apply for admission into the United States. DEFENDANT identified himself with US Passport number 423777760, bearing the name Miguel Angel VELAZQUEZ, DPOB 09/19/1982, Mexico, and a photograph that did not bear his likeness. The CBP Officer recognized discrepancy and he was referred for secondary inspection.

4. On 12/19/2007, a CBP Officer conducted a secondary inspection of DEFENDANT. During the interview DEFENDANT admitted that his true name was Raul HERNANDEZ ESCUTIA, DPOB 10/17/1976, Mexico City, Mexico, and that he was a citizen of Mexico, not a US Citizen. Fingerprint checks revealed that DEFENDANT had a FBI record in NCIC for previous arrests. DEFENDANT was kept in the secondary inspection area.

5. On 12/19/2007, at approximately 1000 hours, the Affiant was notified by the CBP from the San Ysidro POE, of the case.

6. On 12/19/2007, at approximately 1345 hours, DEFENDANT was retrieved from a cell in the Port Enforcement Team detention area and was brought to an upstairs interview room. The Affiant, assisted by another DSS Special Agent, obtained consent from DEFENDANT to have his interview audio and video taped. DEFENDANT read his Miranda warning aloud in English from a written copy. He indicated that he understood and waived his right to counsel. He admitted that his true name was Raul HERNANDEZ ESCUTIA, DPOB, 10/17/1976, Mexico City, Mexico. He stated that he was a citizen of Mexico and not a citizen of the United States. DEFENDANT said that he had previously been a Legal Permanent Resident, however his status had been revoked and he had been deported. DEFENDANT admitted to traveling to Tijuana for the purpose of entering the United States. He said that he purchased a US Border Crossing Card (BCC) from a vendor on the streets of Tijuana. DEFENDANT then said he used the card to attempt to enter the United States via the San Ysidro Port of Entry on 12/17/2007, at which time he was apprehended by CBP Officers after he applied for entry into the U.S. using the false BCC. He said that he was removed to Mexico on 12/18/2007, and then purchased U.S.

Passport number 423777760, bearing the name Miguel Angel VELAZQUEZ, for $500. He then used the passport on 12/19/2007 to apply for entry into the United States at the San Ysidro Port of Entry.

7. DEFENDANT admitted that he had been previously convicted of smuggling marijuana across the US-Mexico border, secreted in a vehicle. He said that he was subsequently deported from the United States, and his Legal Permanent Resident status, revoked. DEFENDANT stated that he was most recently removed from the U.S. after he was arrested for domestic violence in April 2007. DEFENDANT acknowledged that he knew that the U.S. visa and the US Passport that he used were not issued or designed for his use and that it was against the law for him to use them. He also knew that it was illegal for him to attempt to reenter the U.S. after having been deported, and to claim to be a U.S. citizen. DEFENDANT made a sworn written statement admitting to crimes.

8. On 12/19/2007, a CBP Officer conducted DHS record checks. Records revealed that DEFENDANT had been ordered deported, by an Immigration Judge, from the United States on 06/06/2000.

9. On 12/19/2007, the Affiant conducted checks of the US Department of State, U.S. Passport database. The Passport application for US Passport number clearly shows the name and photograph on the passport DEFENDANT presented. It did not contain DEFENDANT's true name or photograph. The affiant contacted VICTIM, Miguel Angel VELAZQUEZ, at the phone number on the application for U.S. Passport number 423777760. VICTIM stated that the passport had been stolen from his vehicle on Thanksgiving Day, 2007. He said that he has mailed in a statement to the U.S. Department of State regarding the loss of his passport.

10. On the basis of the facts presented in this probable cause statement consisting of 2 pages, I find probable cause to believe that the defendant named in this probable cause statement committed the offence on 12/19/2007 - in violation of Title18, United States Code, Section 1544: Misuse of a passport - when he knowingly and willfully used the passport belonging to another, Miguel Angel VELAZQUEZ, knowing that it was not issued or designed for his use, in order to gain admission into the United States and Title 8, United States Code, Section 1326: Attempted Reentry After Deportation – when being an alien, who previously had been excluded, deported and removed from the United States to Mexico, attempted to enter the United States with the purpose; i.e. conscious desire, to enter the United States at the San Ysidro Port of Entry, without the Attorney General of the United States or his designated successor, the Secretary of the Department of Homeland Security (Title 6, United States Code, Sections 202(3) and (4), and 557), having expressly consented to the defendant's reapplication for admission into the United States.

_____  12/20/2007
Richard M. Escott
Senior Special Agent
U.S. Department of State
Diplomatic Security Service